**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **KENNETH WATFORD,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-14-3105** |
| | * | |
| **PETER GOLDMAN, ET AL.,** | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff alleges his constitutional rights were violated during the prosecution of federal criminal charges against him. *See* ECF No. 1.  Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (*see* ECF No. 2) which shall be granted.

Plaintiff states that on February 26, 2014, he was arrested based on a false report prepared by Secret Service Agent Jamie Hamel. *See* ECF No. 1.  He names as additional Defendants Assistant United States Attorney Adam Kenneth Ake, private attorneys Marc Gregory Hall and Peter L. Goldman, United States District Judge Peter J. Messitte, and United States Magistrate Judge William Connelly but fails to specify how these Defendants violated his civil rights.  Plaintiff indicates that the federal criminal charges remain pending against him.[1] *See id*.

Defendants Ake, Hall, Goldman, Messitte and Connelly must be dismissed from this action because they are entitled to absolute immunity for their actions.  Absolute immunity extends to "officials whose special functions or constitutional status requires complete protection

---

[1] *See United States v. Newton, et al*, Criminal No. PJM-12-623 (D. Md).

1

from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).   Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978). Absolute immunity is necessary so that judges can perform their functions without harassment or intimidation and be "at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall.  335, 20 L.Ed.  646 (1872)).  Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, the Court must determine whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction.  *See id*.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id*. at 356-57. Plaintiff provides no factual basis suggesting the absence of jurisdiction over his criminal case.  Accordingly, Judge Messitte and Judge Connolly are absolutely immune from this action and must be dismissed.

As for Defendant Ake, prosecuting attorneys are quasi-judicial officers who also enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions.  *See Imbler v. Pachtman*, 424 U.S. 409 (1976).  Absolute immunity is designed to protect *judicial process*; thus, the inquiry is whether the prosecutor's actions are closely

associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). Plaintiff's presumed complaints against Defendant Ake involve acts that are prosecutorial in nature and associated with the judicial process. Defendant Ake is therefore immune from Plaintiff's claims against him and he is therefore dismissed, *sua sponte*.

Plaintiff's complaints against private attorneys Goldman and Hall are also subject to dismissal. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16, 1 (1981) (public defender). Defendants Hall and Goldman are therefore dismissed as well.

Finally, even assuming Plaintiff could state a claim against Defendant Hamel, his claim is premature as Plaintiff's criminal case is ongoing. *See Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994) (holding that a plaintiff who seeks relief under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" cannot proceed with his claim unless and until the conviction at issue has been in some way invalidated"); *see also Younger v. Spruill*, No. 13-1191, 2013 WL 3353637, at *1 (D. Md. July 1, 2013) (dismissing plaintiff's § 1983 claim as "premature" under *Heck* where plaintiff alleged that the defendant officer improperly filed charges against him where the underlying criminal charges are still pending). Accordingly, Plaintiff's complaint against Agent Hamel will be dismissed without prejudice.

The Court shall enter a separate Order dismissing the complaint with prejudice as to Defendants Ake, Hall, Goldman, Messitte and Connelly and without prejudice as to Defendant Hamel. A separate Order follows.

Dated: <u>November 21, 2014</u>                    <u>            /S/            </u>
                                                  George Jarrod Hazel
                                                  United States District Judge